MARTHA CRAIG DAUGHTREY, Circuit Judge.
Plaintiff Pedro Agramonte is one of several pro se federal prisoners who are appealing the judgment of the district court dismissing their civil rights action, filed pursuant to 42 U.S.C. § 1983, for failure to state a cause of action upon which relief could be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, we agree that oral argument is not needed and that disposition is appropriate under Federal Rule of Appellate Procedure 34(a).
As the district court noted, the gist of the complaint is that of overcrowding, which the plaintiffs contend resulted from the warder’s remodeling of some of the two-bed cubicles at Federal Correctional Center Elkton to accommodate three in *559 mates. According to the complaint, this expansion was accomplished by removing a chair and writing desk in the remodeled cubicles and replacing them with a third bed. As the district court summarized the allegations, the inmates complain that the growth in population at FCI Elkton was not accompanied by corresponding improvements to the prison’s “infrastructure,” which led the plaintiffs to allege as follows:
They contend the number of toilets, urinals, wash basins and showers has not been increased. They indicate inmates often have to stand in line to wait for a vacant restroom or shower. They indicate that additional hot water tanks have not been installed. To maximize hot water during inmate showers, washing machines have been set to use cold water. They state that there are no comfortable places to sit to write letters or watch television. They allege that chairs with metal grills have been placed in the common areas. They indicate these chairs are so uncomfortable that it is difficult to sit through an entire movie. Finally, the plaintiffs also contend that the number of inmates in wheelchairs has increased at FCI Elkton. They contend these inmates would have a difficult time evacuating the building in the event of a fire, due to the number of inmates in the building. They ask the court to order FCI Elkton to convert all cells back to two man cells, and to award them monetary damages.
Following review under the Prison Litigation Reform Act, the district court dismissed the complaint, concluding that the inmates’ allegations were insufficient to state a claim for cruel and unusual punishment under the Eighth Amendment or a violation of due process under the Fifth Amendment. See 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. The district court also denied subsequent motions by the plaintiffs to alter or amend the judgment and to grant summary judgment. The plaintiffs now appeal these rulings.
We review de novo a district court’s dismissal of a complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. Grinter v. Knight, 532 F.3d 567, 571-72 (6th Cir.2008). Dismissal for failure to state a claim “is a test of the plaintiffs cause of action as stated in the complaint, not a challenge to the plaintiffs factual allegations.” Golden v. City of Columbus, 404 F.3d 950, 958-59 (6th Cir.2005). Here, the district court concluded, and we agree, that “[e]ven if the plaintiffs’ allegations are accepted as true, they do not state a violation of their Eighth Amendment rights.” As the district court noted:
While crowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life’s necessities. Rhodes v. Chapman, 452 U.S. 337, 347 [101 S.Ct. 2392, 69 L.Ed.2d 59] (1981). Inmates “cannot expect the amenities, conveniences and services of a good hotel.” Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see Thaddeus-X v. Blatter, 175 F.3d 378, 405 (6th Cir.1999). Although the plaintiffs may have been subjected to uncomfortable living conditions, they do not allege with any specificity that they were subjected to conditions that could reasonably be described as an unnecessary and wanton infliction of pain. Plaintiffs have not alleged a deprivation which triggers Eighth Amendment scrutiny.
Without question, “[p]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must ‘take reasonable measures to guarantee the safety of the inmates.’” Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quot *560 ing Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). Harsh and uncomfortable prison conditions do not automatically create an Eighth Amendment violation, however. Rather, “extreme deprivations” must be alleged in order to support a prison-overcrowding claim. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In this case, the plaintiffs have failed to allege that the conditions of their confinement were sufficiently onerous to state a claim under the Eighth Amendment. See, e.g., Preston v. Smith, 750 F.2d 530, 534 (6th Cir.1984) (finding no Eighth Amendment violation where prisoner alleged that his segregation cell lacked a mattress or hot water); Coleman v. Governor of Michigan, 413 F. App’x 866, 875 (6th Cir.2011) (holding that complaints of “lack of access to televisions, better shoes, specific dental products and different lighting” did not state a claim of an Eighth Amendment violation). Although the FCI Elkton inmates may have been inconvenienced by the increased population, overcrowding is not, in itself, a constitutional violation, and the plaintiffs have not alleged that the allegedly overcrowded conditions resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Rhodes v. Chapman, 452 U.S. 337, 345-48, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).
The plaintiffs’ other allegations also fail to state a claim under Rule 12(b)(6). The statements regarding the ventilation system are conclusory, and the allegation regarding fire safety violations is speculative. Moreover, this case is distinguishable from Brown v. Plata, — U.S. -, 131 S.Ct. 1910, 179 L.Ed.2d 969 (2011), on which the prisoners rely. In Brorni, the Supreme Court concluded that California’s prison population needed to be reduced because the overcrowding, which was at 200-300 percent of capacity, “impede[d] efforts to identify inmate medical or mental health needs and provide even rudimentary care.” Id. at 1934. Here, however, the plaintiffs have not alleged overcrowding that rises to the level found to be unconstitutional in Brown and, thus, the district court did not err in concluding that the allegations failed to state a violation of the Eighth Amendment.
Nor did the district court err in dismissing the plaintiffs’ due process claims. The plaintiffs have not set out a procedural due process claim because they do not allege that they have suffered an atypical or significant hardship, as required by Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). They have not set out a substantive due process claim because the conditions alleged to exist at FCI Elkton, even if proven, would not meet the “shock the conscience” standard applicable to such claims. See, e.g., Braley v. City of Pontiac, 906 F.2d 220, 225 (6th Cir.1990).
Finally, the district court did not err in dismissing the complaint before providing the plaintiffs with discovery. The Prison Litigation Reform Act requires district courts to screen prisoner claims “before docketing, if feasible, or, in any event, as soon as practicable after docketing.” 28 U.S.C. § 1915A(a) & (b). In addition, district courts have no discretion to allow leave to amend to avoid sua sponte dismissal under the Act. See McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir.1997).
For the reasons set out above, we AFFIRM the judgment of the district court.